## LEECH et v COOK

Ohio Appeals, 6th Dist, Huron Co

No 318. Decided April 30, 1934

Ernest L. Wolfe, Prosecuting Attorney, Norwalk, for plaintiffs in error.

Bracy & Bracy, Norwalk, and Young & Young, Norwalk, for defendant in error.

## OPINION

By RICHARDS, J.

This case originated in the Court of Common Pleas, where A. B. Cook brought an action against O. W. Leech, Earl Kirkpatrick and J. V. Hogsett, who are trustees of New London Township, to recover damages for the wrongful cutting and removal of 8 trees belonging to Cook. The trial resulted in a verdict and judgment of $200.00 in his favor, and this proceeding in error is brought to secure a reversal thereof.

As we read this record, the action was commenced not against New London Township but against the three men who were trustees of the Township. The caption does not name the individuals as trustees, nor does the petition aver that they were such, and the petition ends with a prayer for a judgment against the defendants. The verdict and judgment follow the petition, finding and adjudging that O. W. Leech, Earl Kirkpatrick and J. V. Hogsett, Trustees of New London Township, are liable and that the plaintiff recover from them. Under this state of the record, the words "Trustees of New London Township" are mere description of the persons, and may be regarded as surplusage. The judgment, then, is against the persons above named as individuals.

The evidence discloses that Cook is the owner of a farm of 107 acres, which abuts upon a highway, and that 8 good-sized trees were standing and growing upon his land along the fence line and near thereto and on the side next to the highway. These trees extended along the fence for a considerable distance, 7 being ash trees and the other one, a wild cherry. The trees were cut down in the fall of 1932 and then cut into firewood and removed by order of O. W. Leech while he was president of the Board of Trustees of the Township. No meeting of the Trustees was held, nor any discussion had or consideration given by the Trustees to the question of cutting down or removing these trees or improving the highway before the trees were cut. The answer of the defendants, however, admits "that certain ash trees were cut down and totally destroyed at their direction between October, 1932 and December 1932." Counsel on both sides agree that the land of Cook, on which the trees grew, extended to the center of the highway, and this, of course, carries with it the title to these trees.

The trial judge properly charged the jury that the fee or ownership of the land was in the adjoining land owner to the center of the highway and that this was subject to the rights of the public to use the highway for purposes of travel, general highway purposes. The trial judge also instructed the jury that it was for them to determine whether the removal of the trees was necessary for the convenience of the public in using the highway. The traveled portion of the highway was a cinder road twelve feet in width, and there is no evidence in the record which would justify the jury in finding that these trees were cut down as one step toward the improvement of the highway or that any improvement was contemplated at that time. Mr. Leach testified that they were cut down for "relief purposes" and the wood was given to the man who cut down the trees. With the admission in the answer that the trees were cut down and destroyed at the direction of the defendants, and with the evidence in the record, the jury could not well do otherwise than return a verdict in favor of the owner of the trees.

The record of the Trustees kept at the time, does not show any action relative to improving this road or any other action except that the trees were given for relief purposes, nor was there any action by the Trustees as such before the destruction of the trees. The defendants below were therefore liable in their individual capacity, as stated in 46 C. J., 1043, in the following language:

"When a public officer goes outside the scope of his duty, he is not entitled to protection on account of his office, but is liable for his acts like any private individual."

The correct rule for assessing damages was given to the jury in the charge, and while there was some conflict in the evidence as to the extent of damage, we cannot say that the amount awarded is manifestly against the weight of the evidence.

We find no prejudicial error in the record and the judgment will be affirmed.

Judgment affirmed.

WILLIAMS and LLOYD, JJ, concur.